IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| § | Civil Action No. 6:20-cv-1012-ADA |
| § | Civil Action No. 6:20-cv-1013-ADA |
| WSOU INVESTMENTS, LLC, d/b/a § | Civil Action No. 6:20-cv-1014-ADA |
| BRAZOS LICENSING AND § | Civil Action No. 6:20-cv-1015-ADA |
| DEVELOPMENT, § | Civil Action No. 6:20-cv-1016-ADA |
| *Plaintiff,* § | Civil Action No. 6:20-cv-1017-ADA |
| § | Civil Action No. 6:20-cv-1018-ADA |
| *v.* § | Civil Action No. 6:20-cv-1019-ADA |
| § | Civil Action No. 6:20-cv-1020-ADA |
| TP-LINK TECHNOLOGIES CO., LTD., § | Civil Action No. 6:20-cv-1021-ADA |
| § | Civil Action No. 6:20-cv-1022-ADA |
| *Defendant.* § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before this Court is Defendant TP-Link Technologies (TP-Link China) Co., Ltd.'s

Motion to Dismiss for Insufficient Service of Process. Def.'s Mot., ECF No. 17[1]. Plaintiff filed

its Response on March 31, 2021. Pl.'s Resp., ECF No. 24. Defendant filed its Reply on April 7,

2021. Def.'s Reply, ECF No. 25. The Court has considered the Motion, all relevant filings, and

the applicable law. For the reasons set forth below, the Court **DENIES** the Motion.

## I.  BACKGROUND

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development filed eleven

complaints against Defendant on October 31, 2020 for patent infringement. Pl.'s Compl., ECF

No. 1. TP-Link China has filed identical motions to dismiss in each of the eleven actions.[2] This

order addresses all eleven of TP-Link's Motions to Dismiss filed individually in each of the

eleven actions.

---

[1]Defendant TP-Link has filed identical motions in each of eleven infringement actions between the Parties. Unless otherwise noted, cites in this order refer to the docket in Case No. 6:20-cv-01012-ADA.
[2]Case No. 6:20-cv-01012, ECF No. 17; Case No. 6:20-cv-01013, ECF No. 17; Case No. 6:20-cv-01014, ECF No. 17; Case No. 6:20-cv-01015, ECF No. 17; Case No. 6:20-cv-01016, ECF No. 17. Case No. 6:20-cv-01017, ECF No. 17; Case No. 6:20-cv-01018, ECF No. 17; Case No. 6:20-cv-01019, ECF No. 17; Case No. 6:20-cv-01020, ECF No. 17; Case No. 6:20-cv-01021, ECF No. 17; Case No. 6:20-cv-01021, ECF No. 17.

WSOU is a Delaware corporation with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701. Pl.'s Compl. at ¶ 5. WSOU offers services to patent holders such as license negotiation and management of infringement litigation. *Id.* at ¶2. WSOU claims that TP-Link China makes, uses, offers for sale, or imports computer networking products that infringe eleven different patents. *Id.* at ¶ 8.

TP-Link China is a Chinese corporation with its principal place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China. *Id.* at ¶ 6. The eleven Complaints allege patent infringement of eleven different United States patents which relate to varying technologies.[3] *Id.* at ¶ 15. WSOU alleges that TP-Link China has committed these acts of infringement in the Western District of Texas.[4] *Id.* at ¶ 5. WSOU also alleges that TP-Link Technologies Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. *Id.* at ¶ 7.

On November 9, 2020, WSOU filed Motions for Alternative Service under Rule 4(f)(3) in all eleven cases, which the Court initially denied on November 12, 2020.[5] Order Denying Pl.'s Mot. for Leave to Effect Alt. Serv. On November 17, 2020, Plaintiff filed Motions for Reconsideration for Leave to Effect Alternative Service, claiming that the alternative service

---

[3]In Case No. 6:20-cv-1012, WSOU asserts U.S. Patent No. 7,174,180; In Case No. 6:20-cv-1013, WSOU asserts U.S. Patent No. 9,226,305; In Case No. 6:20-cv-1014, WSOU asserts U.S. Patent No. 7,751,423;
In Case No. 6:20-cv-1015, WSOU asserts U.S. Patent No. 8,094,573; In Case No. 6:20-cv-1016, WSOU asserts U.S. Patent No. 8,199,636; In Case No. 6:20-cv-1017, WSOU asserts U.S. Patent No. 7,965,726; In Case No. 6:20-cv-1018, WSOU asserts U.S. Patent No. 7,447,767; In Case No. 6:20-cv-1019, WSOU asserts U.S. Patent No. 7,333,770; In Case No. 6:20-cv-1020, WSOU asserts U.S. Patent No. 8,774,790; In Case No. 6:20-cv-1021, WSOU asserts U.S. Patent No. 9,548,977; In Case No. 6:20-cv-1022, WSOU asserts U.S. Patent No. 7,652,988.
[4]The asserted patents and WSOU's claim for infringement of each of the asserted patents are discussed fully in WSOU's complaints in each of the eleven actions.
[5]Case Nos. 6:20-cv-01012, -13, -14, -15, -16, -17, -18, -19, -20, -21, and -22-ADA.

requested was reasonably calculated under all circumstances to apprise the Defendant of the pendency of the action and afford Defendant an opportunity to be heard based on the Court's decision in *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019). Pl.'s Mot. at 3.

Plaintiff requested leave to serve process (1) via email to TP-Link China's former U.S. counsel; and (2) via "Certified Mail" to TP-Link Technologies USA Corporation, the domestic subsidiary of TP-Link China, located at 145 S State College Blvd, STE 400, Brea, California 92821. Pl.'s Mot. at 2, ECF No. 10. WSOU requested to effect service of process by emailing Defendant's previous U.S. counsel: Attorney Stephen R. Smerek at ssmerek@foley.com and Attorney Tiffany K. Sung at tsung@foley.com. In its Motion, Plaintiff stated that Attorneys Smerek and Sung represented Defendant in the United States as recently as April 23, 2020 in the Eastern District of Texas and are attorneys at Foley & Lardner LLP. Pl.'s Mot. at 2. The Court granted Plaintiff's Motion for Reconsideration on December 7, 2020.[6] Order Granting Pl.'s Mot. for Reconsideration. Plaintiff subsequently sent emails to Attorneys Smerek and Sung, and additionally served process via Certified Mail with Electronic Delivery Confirmation to TP-Link USA. Pl.'s Summons, ECF No. 12.

On December 12, 2020, WSOU filed eleven returned executed Summonses, having effectuated alternate service of process according to the methods requested in its Motion. Pl.'s Summons. On December 18, 2020, Foley filed a Notice of Non-Representation with the Court, having previously sent an email response to Plaintiff that Foley did not represent TP-Link China. Not. of Non-Representation, ECF No. 13. On February 26, 2021, Defendant specially appeared

---

[6] In case nos. 6:20-cv-01012, -13, -14, -15, -16, -17, -18, -19, -20, -21, and -22-ADA.

and filed this Motion to Dismiss due to invalid service of process and, therefore, lack of personal jurisdiction. Def.'s Mot., ECF No. 17.

Defendant now moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12 (b)(5). *Id.*

For the reasons discussed below, the Court finds that Plaintiff adequately served Defendant via alternative service as authorized by the Court.

## II.  LEGAL STANDARD

Service of process on a foreign defendant must comply with: (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and the relevant foreign country; and (3) the due process protections afforded by the United States Constitution.

### A.  Federal Rules of Civil Procedure

In reviewing the Rule 12 motion, the district court accepts all well-pleaded facts as true and views the facts in light most favorable to the plaintiff. Fed. R. Civ. P. 12(h); *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 570 (5th Cir. 2007).

### 1.  Personal Jurisdiction

For the Court to have personal jurisdiction, a defendant must be properly served consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k). A non-resident defendant must maintain its objection to personal jurisdiction while participating in litigation without submitting to the court's jurisdiction.  *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019). A court has personal jurisdiction over a party when that party has established such contacts with the state that the form of substituted service adopted there gives reasonable assurance that the notice will be actual. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 320, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

### 2.  Alternative Service

In addition to means of service authorized by the Hague Service Convention, a court may allow service of process on foreign defendants according to Fed. R. Civ. P. 4(f)(3) "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(1). Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010).  Rule 4(f)(3) permits a party to use an alternative method of service if the party (1) obtains permission of the court and (2) the method is not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *Terrestrial Comms LLC v. NEC Corp*., No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 110983, at *3–4 (W.D. Tex. June 24, 2020).

### B.  The Hague Service Convention

Service of process on a foreign defendant pursuant to the Hague Service Convention ("Hague Convention") is mandatory only if the method of serving process involves the transmittal of documents abroad. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990). In other words, if a foreign defendant can be served under state law without transmitting documents abroad, the Hague Convention is inapplicable. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988). The Hague Convention does not preempt methods of service on domestic agents that are valid under state law or constitutional requirements of due process. *Id.* at 707. For plaintiffs that request leave to effectuate alternate service of process, service under Rule 4(f)(3) is equally as acceptable as complying with the Court's authorization by adhering to the Texas long-arm

statute or Constitutional due process. *See McBride v. Wille,* No. SA-13-CV-0986-DAE, 2013 U.S. Dist. LEXIS 195513, at *5 (W.D. Tex. Dec. 2, 2013*).[7]*

## C.  Constitutional Due Process

When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *6. The due process analysis determines whether traditional notions of fair play and substantial justice have been offended when asserting personal jurisdiction over a defendant. *Burnham v. Superior Ct. of California, Cty. of Marin*, 495 U.S. 604, 622, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990).

Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas's long-arm statute. The Texas long-arm statute is interpreted to reach as far as the federal constitutional requirements of due process will allow. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *7.

An aspect of due process is ensuring that alternate methods of service of process comport with the principle of comity. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 643–44 (5th Cir. 1994). Because determinations regarding alternate service under Federal Rule of Civil Procedure 4(f)(3) are conferred to the discretion of the Court, a district court can direct alternative means of service that comply with due process without violating principles of comity. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters.,* No. SA-16-cv-00463-OLG, 2018 U.S. Dist. LEXIS 219083, at *8 (W.D. Tex. July 5, 2018).

---

[7]*See also Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05CIV21962COOKEBROWN, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, No. CIV.A.08-828 (JAP), 2009 WL 1811098, at *4 (D. Del. June 23, 2009).

### III.    ANALYSIS[8]

Defendant asserts four main arguments as to why Plaintiff's alternative methods of service of process on Defendant, while authorized by this Court, were still improper: (1) Plaintiff cannot avoid the Hague Convention; (2) Plaintiff's alternative service is invalid under Federal Rule of Civil Procedure 4(f)(3); (3) Plaintiff's mail service is invalid because Plaintiff failed to obtain a signed return receipt as required by Texas law; and (4) the principle of comity also insists that Plaintiff's service be found invalid. Def.'s Mot. The Court will address each argument in turn.

### A. *"Plaintiff Cannot Avoid the Hague Convention"*

Defendant first asserts that Texas law mandates service on a foreign entity through the Hague Convention. Def.'s Mot. at 6. Specifically, Defendant claims that the Texas long-arm statute requires that process and notice of service be mailed abroad and that such a requirement triggers the Hague Convention. *See* Def.'s Mot. at 7 ("The Texas long-arm statute, through Sections 17.043 and 17.045, requires 'a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident's principal place of business.'" (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043, 17.045)).

Defendant's interpretation of the Texas long-arm statute mandates that all foreign defendants only be served through the Hague Convention. Such a reading on its face is clearly erroneous as evidenced by the volumes of Texas state cases involving valid service of process on foreign entities through means other than the Hague Convention. *See e.g., Redwood Grp., L.L.C.*

---

[8]As a threshold matter, when a Rule 12 motion fails to assert lack of personal jurisdiction, improper venue, or sufficient process, the defendant waives those defenses. *See* Fed. R. Civ. P. 12(h); *West v. Velo Enter. Co.*, No. 5:13-CV-00024-OLG, 2013 U.S. Dist. LEXIS 203330, at *4–5 (W.D. Tex. Aug. 29, 2013). In reviewing the Rule 12 motion, the district court accepts all well-pleaded facts as true and views the facts in light most favorable to the plaintiff. *Lisson*, 262 F. App'x at 570. TP-Link China appears specially in this litigation to object to proceeding under ineffective service and thus lack of personal jurisdiction. Def.'s Mot. The Court finds that TP-Link China has preserved its objection.

*v. Louiseau*, 113 S.W.3d 866, 870 (Tex. App. 2003) (outlining when the secretary of state can function as an agent for service of process when there is no other designated agent); *Pub. Storage Properties, VII, Ltd. v. Rankin*, 678 S.W.2d 590, 592 (Tex. App. 1984) (stating when the secretary of state can function as an agent for service of process when the foreign defendant engages in busines in the state, irrespective of resident agents); *Matter of Marriage of Sandoval*, 619 S.W.3d 716, 724 n.1 (Tex. 2021) (listing other manners for service of process other than the Hague Convention).

This Court, along with several of its sister courts, has also been clear in holding that the Texas long-arm statute does not require transmittal of documents abroad when serving a foreign defendant. *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *3 (W.D. Tex. June 24, 2020) (citing *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018). Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assur., Ltd. v. Eng. China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977).

To satisfy the constitutional requirements of due process, and likewise the Texas long-arm statute, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Constitutional due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317–

18. Constitutional due process does not require transmittal of documents abroad to provide notice to a defendant. *See Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 707.

Additionally, Defendant quotes Texas Civil Practice and Remedies Code sections 17.043 and 17.045 as required methods of service. However, sections 17.043 and 17.045 are permissive methods of service as evidenced by the clear permissive language "process *may* be served . . ."; "(a) *if* the secretary of state is served . . . (c) *if* the person in charge . . . (d) the process of notice must be sent by registered mail or by certified mail . . ." Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043, 17.045. It is clear that the Texas Civil Practice and Remedies Code and the Texas long-arm statute do not *require* transmittal of documents abroad.

Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990); *see also Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 707 ("The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service."). Defendant also cites *Schlunk* to support its statement that "[o]nce triggered, compliance with the Hague Convention is mandatory." Def.'s Mot. at 7 (citing *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 700). However, as stated above, the Court finds that transmittal of documents abroad is not required under the Texas long-arm statute; therefore, the Hague Convention has not been "triggered" in the instant case. Additionally, here, "alternative means to effectuate service exist, [so] strict compliance with the service requirements under the Hague Convention is not mandatory." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012).

Therefore, the Court finds that the Texas long-arm statute does not require transmittal of documents abroad and service of process on a foreign defendant is not restricted to only the methods of service authorized by the Hague Convention.

**B. *"Plaintiff's Alternative Service Is Also Invalid Under Rule 4(f)(3)"***

A non-resident defendant must be properly served according to Federal Rules of Civil Procedure Rules 4(h) and 4(f) to be subject to personal jurisdiction. First, Rule 4(h) states "unless federal law provides otherwise . . . a foreign corporation . . . must be served in a judicial district of the United States or at a place not within any judicial district of the United States, *in any manner prescribed by Rule 4(f) for serving an individual*". Fed. R. Civ. P. 4(h) (emphasis added). Second, Rule 4(f)(1) states "unless federal law provides otherwise, an individual . . . *may* be served . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1) (emphasis added). In addition to means of service authorized by the Hague Convention, a court may allow service of process on foreign defendants "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(1). Finally, Federal Rule of Civil Procedure 4(f)(3) permits a party to use an alternative method of service if the party (1) obtains permission of the court and (2) the method is not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3).

Defendant argues that even if the Texas long-arm statute does not "trigger the Hague Convention," Plaintiff's methods of service of process are invalid under Rule 4(f)(3) "because they are service within the United States." Def.'s Mot. at 1. However, as Plaintiff argues, a party is not required to attempt to effect service on a foreign defendant pursuant to the Hague convention under Rule 4(f)(1) prior to requesting the Court's authorization of an alternative

method of service under Rule 4(f)(3). Pl.'s Resp. at 5. When a plaintiff requests and a Court grants alternate service of process, service of process using a method not prohibited by international agreement comports with principles of due process. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *4. The Court has considerable discretion to authorize an alternative means of service. *Id.* at *5.

While the text of Rule 4(f)(3) does state that an individual "may be served at a place not within any judicial district of the United States," courts around the country have held that "the 'proper construction' of Rule 4(f)(3) vis-à-vis foreign defendant includes service via 'deliver to the defendant's attorney.'" *Compañía Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295 (10th Cir. 2020). If a plaintiff has evidence of an attorney-client relationship between a foreign defendant and domestic counsel, a common method of alternate service is service of process on a defendant's United States based attorney. *See In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009)[9]. By effecting service of process on a corporation's known United States-based counsel, a corporation is reasonably certain to be apprised of the pending actions, if it is not already aware of them. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *10–11; *STC.UNM,* 2019 U.S. Dist. LEXIS 231994, at *6. A court has personal jurisdiction over a party when that party has established such contacts with the state that the particular form of substituted service adopted there gives reasonable assurance that the notice will be actual. *International Shoe Co.*, 326 U.S. at 320.

This Court granted Plaintiff's Motion for Leave to Effect Alternative Service and ordered an alternative method of service of process. Order Granting Pl.'s Mot. for Leave to Effect Alt. Serv. Here, TP-Link China is a non-resident defendant with a domestic subsidiary and domestic

[9] *See* also *Brookshire Bros.*, 2007 WL 1577771, at *2; *RSM Production Corp.*, 2007 WL 2295907, at *6; *LG Electronics, Inc.*, 2009 WL 1811098, at *4.

11

U.S.-based counsel. *See* Pl.'s Resp. at 4. Additionally, Defendant claims there is no factual issue to dispute regarding the method of service effectuated by Plaintiff. Def.'s Reply in Support of its Motion to Defer Entry at 5, ECF No. 22. Both parties agree that Plaintiff emailed Foley attorneys and mailed TP-Link USA via USPS. Pl.'s Resp. at 10. These alternative methods of service of process satisfy Rule 4(f)(3) and constitutional due process because they are reasonably calculated to apprise Defendant of the complaint filed against it. In summary, Plaintiff's alternate service of process on Defendant complies with Federal Rule of Civil Procedure 4(f)(3) because the alternate service was Court ordered.

## C. *"Plaintiff's Mail Service is Invalid Because Plaintiff Failed to Obtain a Signed Return Receipt as Required by Texas Law"*

Plaintiff argues that service via certified mail did not comport with Texas law because the return receipt did not include a signature from anyone required under Texas law. Def.'s Mot. at 12. As such, it believes such a failing is fatal. *See id.* at 13. Plaintiff also believes that this method of service is relevant because this method was ordered by the Court along with service via email. *Id.* at 13 n.17. However, it is clear from Plaintiff's briefing for its Motion for Alternate Service that certified mail and email were proposed as disjunctive options, not conjunctive ones. Motion for Leave to Effect Alternate Service, ECF No. 10 ("Plaintiff also respectfully requests, as an additional method, or in the alternative, for leave to effect service upon Defendants through TP-Link's U.S. subsidiary TP-Link USA Corporation, 145 S. State College Blvd. Suite 400, Brea, California 92821."). As discussed above, service of process via email alone is sufficient. Accordingly, the Court finds this point moot.

## D. *"The Principle of Comity Also Insists That Plaintiff's Service Be Found Invalid"*

Another aspect of constitutional due process is ensuring that alternate methods of service of process comport with the principle of comity. *See Kreimerman*, 22 F.3d at 643–44. Principles

of comity are a matter of the court's discretionary power to determine whether a plaintiff has complied with due process in its efforts to secure service of process upon a foreign defendant. *See UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020). However, plaintiffs assume the risk that the principle of international comity might hinder their establishment of jurisdiction over defendants. *Id.* As a result of seeking service of process through a method that bypasses the Hague Convention, plaintiffs may also discover that their failure to employ the Convention's safe harbor procedures makes enforcement of their judgments abroad more difficult. *Id.*

Here, Plaintiff requested alternate service of process on a Chinese defendant through email to its known and recent domestic U.S. counsel which does not trigger obligations under the Hague Convention, so the principle of comity is not offended. The principle of international comity refers to the spirit of co-operation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987).

However, the principle of comity does not require plaintiffs to resort to Hague Convention procedures without assessing the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective in each case. *Id.* WSOU has filed its complaint in the Western District of Texas, alleging eleven U.S. Patents have been infringed upon in the United States by TP-Link China. Pl.'s Mot. at 2. It is Plaintiff's choice, as the plaintiff is the master of its own Complaint, where to seek adjudication of its claim, depending on what its goals are. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 395, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This consideration is significant, as this Court has consistently found

plaintiffs' interests outweighed concerns of prudential comity. *See UNM Rainforest Innovations*, 2020 WL 3965015, at *4; *Terrestrial Comms LLC*, 2020 WL 3452989, at *2. WSOU has determined that judgment from the U.S. District Court for the Western District of Texas will be best for its case, in consideration of its respective interests. As such, the Court finds that the prudential comity does not weigh towards finding the method of service invalid.

## IV.    CONCLUSION

The Court is reasonably assured that Plaintiff's methods of service satisfy the constitutional requirements of notice and due process. Plaintiff's effort to serve Defendant by email was not the only form of service attempted, and Plaintiff made reasonable efforts to seek valid forms of service that conformed with Federal Rules of Civil Procedure and other prudential concerns. As such, and for the reasons given by the Court, Defendant's Motion to Dismiss is **DENIED**.


SIGNED this 1st day of September, 2021.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE